UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HELEN TOMASKO,<br><br>              Plaintiff,<br>v.<br><br>WESTERN CONNECTICUT STATE UNIVERSITY,<br><br>              Defendant. | 3:11 - CV - 1020 (CSH) |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

<u>HAIGHT</u>, Senior District Judge:

**I.     INTRODUCTION**

Plaintiff Helen Tomasko brings the present action *pro se* seeking money damages arising from alleged age discrimination by her employer, Western Connecticut State University (herein "WCSU" or "defendant"), in failing to promote her laterally, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.[1]  In her complaint, plaintiff states that "[o]n January 5, 2007 [she] applied for two lateral transfers that were posted by [WCSU.]." Doc. #1, p. 11, ¶ 6. The first position was "Secretary II with the Student Center/Student Life" and the second position was "Secretary II with the Department of Social Work and Arts." *Id.*  On March 5, 2007, plaintiff "received two letters stating that [she] was denied both lateral transfers." *Id.*, ¶ 7.  She alleges that, "[b]ased on knowledge and belief, . . . Secretary II with the Student Center/Student Life

---

[1] Plaintiff stated in her Complaint that her "year of birth is:  1946." Doc. #1, ¶ 3.  In 2007, at the time she was denied both lateral positions, she was thus approximately 61 years old.

1

was reduced to a Secretary I and given to a younger less qualified person." *Id*. Furthermore, "Secretary II with the Department of Social Work and Arts" was filled "by a temporary employee." *Id*. Plaintiff claims that WCSU's "denial of both lateral transfer positions [was] a blatant act of retaliation" for a previous filing she made with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") "based on age discrimination."[2]  *Id.*, ¶ 8.

Pending before the Court is defendant's "Motion to Dismiss" plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1),  for lack of subject matter jurisdiction.  Doc. #10. Specifically, defendant argues that "[u]nder the Eleventh Amendment to the Constitution, as construed by the Supreme Court in *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000)," plaintiff's claim "cannot be entertained in federal court because WCSU is an arm of the State of Connecticut, and with regard to suits brought under the ADEA, its sovereign immunity has not been

---

[2]The CCHRO reviewed plaintiff's complaint regarding WCSU's denial of the transfers and rejected the complaint, both upon initial review, on March 9, 2010, and upon reconsideration, on September 17, 2010.  The reviewing attorney summarized the commission's findings as follows:

> The issue in the case is whether the Complainant did not receive the lateral tranfer[s] because she had previously filed a discrimination complaint.  The investigator found [WCSU's] witnesses credible when they explained that they were unaware of the Complainant's prior CHRO filing and did not offer her the lateral transfer because they believed that her personality was not a good fit for the position.  The determination was properly within the purview of the investigator who interviewed the parties in person and had the best vantage point to determine credibility.

Doc. #1, p. 15 ("Analysis" of Human Rights Attorney Kimberly Jacobsen in "Decision on Reconsideration Request," dated September 17, 2010).  After the CCHRO terminated its proceedings, on June 24, 2011, plaintiff commenced the case at bar in federal court. Commencement of the action thus complied with  29 U.S.C. § 633(b), which  prohibits a plaintiff from bringing a federal ADEA action from the time of the filing with the state agency until either (1) 60 days have elapsed or  (2) *the state agency has terminated the proceedings*.   29 U.S.C. § 633(b) (emphasis added).

waived or validly abrogated by Congress." Doc. #10-1, p. 1. For the reasons set forth below, the Court agrees and the action will be dismissed.

## II. DISCUSSION

### A. Standard of Review - Lack of Subject–Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir.2008) (internal citations and quotation marks omitted)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000) (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)). *See also Kosinski v. Conn. State Dept. Of Educ.*, No. 3:10cv805 (CSH), 2011 WL 1134236, at *1 (D. Conn. Mar. 24, 2011).

### B. Eleventh Amendment Immunity and ADEA

In her Complaint, plaintiff explicitly seeks to recover monetary damages under ADEA, 29 U.S.C. § 621, *et seq.*, from her employer WCSU, alleging "employment discrimination based upon age."[3] Doc. #1, ¶ 3. In its present motion to dismiss, defendant WCSU alleges that the Court lacks

---

[3]The relevant provision of the ADEA is set forth at 29 U.S.C. § 623(a)(1) and provides:

§ 623. Prohibition of age discrimination

(a) Employer practices

subject matter jurisdiction over her claim because the Eleventh Amendment bars federal jurisdiction over ADEA actions against states. Doc. #10-1, p. 1, 3-4. Moreover, the argument continues, for purposes of state sovereign immunity under the Eleventh Amendment, a state university, such as defendant WCSU, is an "arm of the state." *Id.*, p. 4-5. Therefore, defendant contends plaintiff's action must be dismissed. Defendant is correct.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has interpreted the Eleventh Amendment to mean that states, as sovereigns, are immune from suit in federal court absent express consent by the state or abrogation of the immunity by Congress through Section Five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54-55 (1996). *See also Pham v. State of Conn. Dep't of Children & Families*, No. 3:09–cv–1869 (CFD), 2010 WL 4167217, at *2 (D.Conn. Oct. 15, 2010) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000)); *Kosinski v. Connecticut State Dept. of Educ.*, No. 3:10–CV–0805 (CSH), 2011 WL 1134236, at *3 (D. Conn. Mar. 24, 2011).

In *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), the United States Supreme Court expressly held that ADEA's provisions authorizing a right of action against a state for money

---

It shall be unlawful for an employer--

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .

damages in federal court failed to abrogate the state's Eleventh Amendment immunity.[4]  528 U.S. at 91.  Specifically, the Supreme Court held that ADEA is not "appropriate [enforcement] legislation" under Section 5 of the Fourteenth Amendment.[5]  *Id.* at 82-83.  In sum, "ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment.  The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."  *Id.* at 91.  *Kimel* thus dictates that the Eleventh Amendment sovereign immunity of states bars federal jurisdiction over ADEA claims against states.

Furthermore, this bar to suit in federal courts extends not only to the state itself but also to any entity that is deemed to be an "arm of the State."  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  Consequently, the Second Circuit has held that such Eleventh Amendment immunity extends to state universities, such as the defendant.  *See, e.g., Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ( "[f]or Eleventh Amendment purposes, SUNY is an integral part of the government of the State [of New York] and when it is sued the State is the real party") (quoting *Dube v. State Univ. of New York*, 900 F.2d 587,

---

[4]29 U.S.C. § 626(b) incorporates the remedies provided by 29 U.S.C. § 216(b), which authorizes actions for money damages against state employers.  29 U.S.C. § 630(b) defines "employer" to include states and their agencies.

[5]Section 5 of the Fourteenth Amendment is an affirmative grant of power to Congress. *City of Boerne v. Flores*, 521 U.S. 507, 517 (1997 ).   Section 5, captioned "Legislation for Enforcement of Article," thus provides:

> The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

U.S.C.A. Const. Amend. XIV, § 5.  That power includes the authority both to remedy and to deter the violation of rights guaranteed under Article XIV, but does not authorize Congress to decree the substance of the Fourteenth Amendment's restrictions on the states.

594 (2d Cir.1990)). *See also Brown v. Western Connecticut State Univ.*, 204 F. Supp. 2d 355, 361 (D. Conn. 2002) (Arterton, J.) ("From the Court's review of the relevant case law and Connecticut statutes, it appears that the Connecticut state universities are entitled to claim immunity under the Eleventh Amendment analysis.") (collecting cases); *Banerjee v. Roberts*, 641 F. Supp. 1093, 1098 (D.Conn. 1986) (Cabranes, J.) (concluding that a public university is an "arm of the State" and thus immune from suit in federal court under the Eleventh Amendment).

Because ADEA does not abrogate a state's Eleventh Amendment immunity, *Kimel*, 528 U.S. at 91, the only "two inquiries thus necessary to decide if this Court possesses subject matter jurisdiction over [plaintiff's] ADEA claim" are: (1) whether WCSU may be considered the "state" for purposes of the Eleventh Amendment and (2) whether Connecticut has waived its sovereign immunity with respect to this suit. *Pham*, 2010 WL 4167217, at *2. In regard to the former, as set forth *supra*, the courts within the Second Circuit have recognized that Eleventh Amendment immunity extends to state universities, such as WCSU. With respect to the latter, defendant asserts that the "State of Connecticut has not consented to suits in federal court under the ADEA." Doc. #10-1, p. 6. Plaintiff, although contesting the motion in general, fails to demonstrate that Connecticut has consented to such an ADEA claim.[6] She has thus failed to meet the requisite burden of proving that this Court has subject-matter jurisdiction.

In the absence of any fact, circumstance, case, or statutory authority to the contrary, the Court finds that the State of Connecticut has not waived its sovereignty with respect to claims under

---

[6]Rather, plaintiff asserts that it was her intention "to obtain permission to sue a State agency, by contacting the Office of Claims Commissioner." Doc. #12, p. 1, para .1. She later, however, ponders whether "there is an additional process that needs to be completed in order to request permission to sue the State of Connecticut." *Id.*, p. 3, para. 5.

ADEA. Accordingly, pursuant to *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), this Court lacks subject matter jurisdiction over plaintiff's ADEA claim and must, therefore, dismiss it. *See McGinty v. State of New York*, 251 F.3d 84, 92, 101 (2d Cir. 2000) (affirming dismissal of ADEA claim for lack of subject matter jurisdiction under *Kimel*); *Butler v. New York State Dept. of Law*, 211 F.3d 739, 745-46 (2d Cir. 2000) (dismissing plaintiff's appeal in ADEA action against state agency for lack of subject matter jurisdiction under *Kimel*); *Kosinski*, 2011 WL 1134236, at *3 (dismissing ADEA claim for lack of subject matter jurisdiction under *Kimel*); *Pham*, 2010 WL 4167217, at *2-3 (same).

Finally, in light of plaintiff's *pro se* status, the Court clarifies that the dismissal of this action may not entirely deprive plaintiff of a legal remedy for her alleged damages.[7] Plaintiff may, as noted by the Supreme Court in *Kimel*, explore the possibility of recovery for age discrimination by WCSU through state age discrimination statutes:

---

[7]"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing, *inter alia, Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir.2006); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). The Court is thus mindful of its duty to review a *pro se* litigant's complaint with leniency.

"Although a *pro se* litigant should generally be granted leave to amend his complaint 'when a liberal reading of the complaint gives any indication that a valid claim might be stated,' *Shomo v.. City of N.Y.*, 579 F.3d 176, 183 (2d Cir.2009) . . . , leave to amend need not be granted where amendment would be 'futile,' *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003)." *United States v. Brow*, No. 10–1908–cv, 2012 WL 75361, at *2 (2d Cir. Jan. 11, 2012). *Accord Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) ("futility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of its amended claims."). In the case at bar, plaintiff's ADEA claim against a state university is barred as a matter of law by the Eleventh Amendment and thus no redraft of the claim would allow its survival (*i.e.*, confer subject matter jurisdiction).

7

> Our decision today does not signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers. We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals. *State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union.*

*Kimel*, 528 U.S. at 91 (emphasis added).  *See* Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-51, *et seq.*, § 46a-60 (" Discriminatory employment practices prohibited").  The Court, in any event, neither intimates nor makes any assessment regarding the appropriateness or potential success of any such state discrimination claim.

### III.  CONCLUSION

There is no mistaking the sincerity of plaintiff's belief that she has been treated wrongfully.  However, federal courts such as this one are courts of limited jurisdiction, and are powerless to act unless a case falls within that jurisdiction.  This case does not.  For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant's motion to dismiss is GRANTED.  Plaintiff's ADEA claim against WCSU is DISMISSED for lack of subject matter jurisdiction.  The Clerk is directed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
       March 14, 2012

　　　　　　　　　　　　　　　　　　　　　　　　 /s/Charles S. Haight, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Charles S. Haight, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge